**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,            ) | CR-09-737-11-PHX-NVW |
|                                               ) |  |
|          Plaintiff,              ) | **ORDER** |
|                                               ) |  |
| vs.                                       ) |  |
|                                               ) |  |
| James Henry Barnes, II,      ) |  |
|                                               ) |  |
|          Defendant.           ) |  |
|                                               ) |  |

      This supervised release case arises on Defendant's second Motion to Continue Admit/Deny Hearing, requesting an order continuing the admit/deny hearing set for June 9, 2014. (Doc. 2186) Defendant requests additional time "[t]o find mitigating information through the probation office and attempt to negotiate an agreement between the parties before he makes a final decision to admit/deny this Supervised Release Violation Petition." (*Id.* at 1) Defense counsel represents that Government's counsel does not oppose the motion. (*Id.*)

      Defendant previously requested a continuance of the May 13, 2014 admit/deny hearing because family members were coming from out of town to visit him on June 7, 2014, and he wanted the opportunity to more fully discuss his predicament with them before he makes a final decision on how to proceed. (Doc. 2182) The Court granted Defendant's Motion to Continue and continued the admit/deny Hearing to June 9, 2014. (Doc. 2183)

      In the Court's May 8, 2014 Order granting Defendant's first Motion to Continue, the Court made clear that there would be no further continuances of the admit/deny hearing except to set a revocation hearing. *See* Rule 32.1(b)(2), Fed.R.Crim.P. (A district court "must

hold the revocation hearing *within a reasonable time* in the district having jurisdiction.") (emphasis added).

## I. Background

On April 11, 2014, a Petition to Revoke Supervised Release was filed against Defendant, alleging he violated Standard Condition No. 1 by committing the crime of Possession of Dangerous Drugs and Possession of Drug Paraphernalia; Standard Condition No. 3 by failing to report to the U. S. Probation Office as directed; Standard Condition No. 9 by possessing methamphetamine, a controlled substance, and drug paraphernalia; Standard Condition No. 13 by failing to notify U.S. Probation of his arrest by the Phoenix Police Department. (Doc. 2172)  Defendant self-surrendered on April 23, 2014; appeared at an initial appearance on the same day where he was temporarily detained and defense counsel appointed; and detention and preliminary revocation hearings were set for April 29, 2014. (Doc. 2176)  On April 29, the issues of detention and preliminary revocation hearings were waived, Defendant was detained pending further order of the assigned District Judge, and an admit/deny hearing was set for May 13, 2014. Defendant was held to answer on the allegations in the Petition. (Doc. 2178)

## II. Timeliness of Revocation Hearings

"A district court may revoke a term of supervised release only if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'"[1] *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008) (citing 18 U.S.C. § 3583(e)(3)). Although this is a lower standard than the beyond-a-reasonable-doubt standard required for a criminal conviction, there must still be credible evidence the releasee actually violated the terms of supervised release. *Id.*

Federal Rule of Criminal Procedure 32.1(b)(2) mandates a district court "must hold the revocation hearing *within a reasonable time* in the district having jurisdiction." Rule

---

[1] "Parole, probation, and supervised release revocation hearings are constitutionally indistinguishable and are analyzed in the same manner." *United States v. Hall*, 419 F.3d 980, 987 n. 4 (9th Cir. 2005) (citation omitted).

32.1(b)(2), Fed.R.Crim.P. (emphasis added). Rule 32.1(b)(2), however, does not address what constitutes a "reasonable time" or establish the standard to meet to authorize a continuance once a revocation hearing has been set.

According to the Advisory Committee's Notes to 32.1(b)(2)'s predecessor, Rule 32.1(a)(2)

> [m]andates a final revocation hearing within a reasonable time to determine whether the probationer has, in fact, violated the conditions of his probation and whether his probation should be revoked. Ordinarily this time will be measured from the time of the probable cause finding (if a preliminary hearing was held) or of the issuance of an order to show cause. *However, what constitutes a reasonable time must be determined on the facts of the particular case, such as whether the probationer is available or could readily be made available.*

Rule 32.1(a)(2), Advisory Committee's Notes; *see also United States v. Santana*, 2007 WL 1125684, at *2 (S.D.Cal. April 16, 2007).

Few Ninth Circuit cases discuss what constitutes a reasonable time to conduct a revocation hearing. In *United States v. Clements*, 78 Fed.Appx. 640 (9th Cir. 2003), Rule 32.1(b)(2) was described by one concurring circuit judge as "a type of speedy-trial rule for all probation and supervised-release revocation hearings." 78 Fed.Appx. 640, at *1. In *Clements*, the majority found the six-month delay from execution of the arrest warrant to the order to show cause hearing was not an unreasonable delay under the circumstances, citing *United States v. Hill*, 719 F.2d 1402, 1404-05 (9th Cir. 1983) and *United States v. Hamilton*, 708 F.2d 1412, 1415 (9th Cir. 1983).

The First Circuit has indicated that "[r]easonableness has a protean quality. What is reasonable in one set of circumstances may be unreasonable in another set of circumstances." *United States v. Pagan-Rodriguez*, 600 F.3d 39 (1st Cir. 2010) (finding district court's one-year delay before holding the final revocation hearing pending resolution of the local narcotics charges was objectively unreasonable as a matter of law.).

Generally, the district court may extend the time period for performing a particular

act upon a showing of good cause. Fed.R.Crim.P. 45(b)(1)(A).[2] Like 18 U.S.C. § 3142(f), neither Rule 45 nor Rule 32.1(b)(2) define "good cause" for continuing a revocation hearing, especially in the context of a defendant's request to continue his own revocation hearing.

**III. Discussion**

Good cause does not exist to grant another continuance of Defendant's admit/deny hearing. One continuance of the hearing has already been granted as good cause was shown to allow the Defendant's family members to travel to visit him on June 7, 2014 and discuss his "predicament" before Defendant made a final decision on how to proceed. The previous continuance allowed more than enough time to exercise due diligence to uncover mitigating information and attempt to negotiate a resolution of the Supervised Release Petition.

Defendant has not demonstrated good cause for further delay of this supervised release case. Because Rule 32.1(b)(2) has been described by one circuit judge as "a type of speedy-trial rule for all probation and supervised-release revocation hearings[,]" *Clements*, 78 Fed.Appx. 640 at 1, this Magistrate Judge is not willing to risk where that line is drawn for a speedy-hearing violation in a supervised release case when Defendant has had sufficient time to prepare and resolve the matter by agreement.

Good cause not appearing,

**IT IS ORDERED** that Defendant's Motion to Continue Admit/Deny Hearing, doc. 2186, is **DENIED**. If Defendant elects not to enter admission(s) on June 9, 2014, and proceed with a contested revocation hearing, a revocation hearing will be set shortly thereafter before the undersigned Magistrate Judge.

DATED this 5th day of June, 2014.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge

---

[2] Federal Rule of Criminal Procedure 45(b)(1)(A) provides that "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . before the originally prescribed or previously extended time expires; . . . ."

- 4 -